IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Richard King,                          :

      Plaintiff,                     :

   v.                                  :        Case No. 2:10-cv-852

Edward Banks, et al.,                  :        JUDGE MARBLEY

      Defendants.                    :

<u>ORDER</u>

On September 24, 2010, the Magistrate Judge issued an order which denied plaintiff Richard King's motion to appoint counsel. Mr. King filed a motion for reconsideration of this order on October 5, 2010, pursuant to 28 U.S.C. 636(b)(1)(A) and Fed.R.Civ.P. 72(a). For the following reasons, the motion for reconsideration (#7) will be denied.

I.

Fed. R. Civ. P. 72(a) provides that a party must serve and file objections to a Magistrate Judge's order within fourteen days after being served with a copy of the order. Because the Magistrate Judge's order involves nondispositive matters, this Court's reconsideration of the order is governed by the "clearly erroneous or contrary to law " standard of review contained in Rule 72(a). <u>See</u> <u>United States v. Curtis</u>, 237 F.3d 598, 603 (6th Cir. 2001). The "clearly erroneous" standard applies to factual findings made by the Magistrate Judge while legal conclusions are reviewed "under the more lenient 'contrary to law' standard." <u>Gandee v. Glaser</u>, 785 F.Supp. 684, 686 (S.D. Ohio 1992), <u>aff'd</u>, 19 F.3d 1432 (6th Cir. 1994)(table). A finding is "clearly erroneous" only when the reviewing court is left with the definite and firm conviction that a mistake has been made. <u>See</u>

<u>In re Search Warrants Issued Aug. 29, 1994</u>, 889 F.Supp. 296, 298 (S.D. Ohio 1995)(citations omitted).  A court's review under the "contrary to law" standard is "plenary, ... and it 'may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent.'" <u>Gandee</u>, 785 F.Supp. at 686 (citations omitted).  It is with these standards in mind that the Magistrate Judge's order will be reconsidered.

II.

In denying the motion for appointment of counsel, the Magistrate Judge concluded that this case had not progressed to the point that the Court is able to evaluate the merits of Mr. King's claim.  Mr. King has not demonstrated that the Magistrate Judge's denial of the request for appointment of counsel, given the current record in this case, is clearly erroneous or contrary to law.  Consequently, this objection will be overruled.

III.

Based on the foregoing, plaintiff's motion for reconsideration (#7) of the Magistrate Judge's September 24, 2010 order is DENIED.


 s/Algenon L. Marbley
Algenon L. Marbley
United States District Judge